UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:      -CIV-

Silvia Pastrana

    Plaintiff,

v.

MACY'S RETAIL HOLDINGS, LLC.

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, Silvia Pastrana (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, and hereby sues Defendant, Macy's Retail Holdings, LLC. (hereafter referred to as "Defendant") and as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interest, costs, and attorney's fees for willful violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §623, et. seq. ("ADEA"), and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, et seq. ("FCRA") to redress injuries resulting from Defendant's unlawful, age based discriminatory treatment of and retaliation against Plaintiff.

### PARTIES

2. Plaintiff, Silvia Pastrana, is an adult, female resident of Miami-Dade County, Florida.

3. Defendant Macy's Retail Holdings, LLC., is a Florida Limited Liability Company and did at all material times, conduct substantial and continuous business in the Southern District of Florida.

4. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. 760.01, et seq. since it employs fifteen or more employees for applicable statutory period; and it is subject to the employment discriminations provisions of the applicable statute, the FRCA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et. seq.

6. At all times material hereto Defendant was an "employer" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760.01, et seq.

7. At all times material hereto Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. Sec. 760, et seq.

8. Plaintiff is an "employee" within the meaning of the ADEA.

9. Defendant is an "employer" within the meaning of the ADEA.

## JURISDICTION AND VENUE

10. This Court has original subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1331.

11. Venue is proper in the United States District Court of the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district.

12. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Humans Relations (FCHR).

13. Plaintiff files this complaint within 90 days after receiving a notice of right to sue from the EEOC.

14. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

15. The Plaintiff is a 64-year-old female.

16. On or around September 26, 2014, the Plaintiff was hired by the Defendant as a recovery fitting room clerk. The Plaintiff was 56 years old at the time of being hired and the Plaintiff was the oldest person working in her department.

17. On or around April 4, 2020, the Defendant implemented a furlough of all the employees to quarantine because of the COVID-19 Pandemic.

18. On or around May 25, 2020, the furlough ended, and the Plaintiff returned to work but was assigned by the Defendant to a different position called touch point cleaner. The Plaintiff was no longer working with customers. The Plaintiff was then 63 years old.

19. The Plaintiff was told by the Defendant to report to Bryan Coiffamn who was the Plaintiff's immediate supervisor. Bryan Coiffman is now the Operations Manager with the Defendant.

20. Two coworkers of the Plaintiff were assigned to the touch point cleaning position after the furlough ended. Two weeks after the furlough ended, those two-coworkers returned to

the original positions that they had prior to the furlough. Both coworkers were younger than the Plaintiff.

21. The Plaintiff requested to return to the Plaintiff's position prior to the furlough to Bryan Coiffman, but the Plaintiff's request was refused by Bryan Coiffman. Bryan Coiffman told the Plaintiff that the Defendant had no other positions available.

22. The Defendant never allowed the Plaintiff to return to the Plaintiff's position prior to the furlough.

23. During a period of time, the Plaintiff was the only touch point cleaner, and the Plaintiff was separated from the rest of the staff. The Defendant sent the oldest person to work by herself and away from customers.

24. In July 2020, The Plaintiff's work schedule was reduced from 35 hours per week to 27 hours per week and without explanation by the Defendant; moreover, the Plaintiff was the last employee to receive her work schedule and the rest of the staff would receive their work schedule two weeks in advance. The younger employees were treated with priority over the Plaintiff.

25. In July 2020, during the same month of the Plaintiff's hours being reduced, the Defendant hired a younger employee as a touch point cleaner and a cashier named Judith Matamoros, who was 22 years old. The age difference between the new hire and the Plaintiff was over 40 years.

26. The Plaintiff was the only employee with a reduced schedule by the Defendant when the Defendant hired new younger employees. The Defendant made the Plaintiff work less and the younger employees work more.

27. On one occasion, the Plaintiff was with Judith Matamoros and the Defendant gave hours to Judith Matamoros that were supposed to be worked by the Plaintiff.

28. On or around July 23, 2020, the Defendant accused the Plaintiff of not reporting 5 extra minutes on the Plaintiff's 15-minute break. None of the younger employees who reported 5 extra minutes on their break were reprimanded.

29. The Plaintiff responded that the 5 extra minutes of break is a casual practice throughout the department and the Defendant singled out the Plaintiff instead of addressing the 5 extra minute practice to all employees. The Plaintiff told the Defendant there are many employees who have lunch for an hour and a half, which the Plaintiff has seen for years, and the Defendant does not reprimand younger employees for reporting inaccurate time. The Plaintiff has seen younger employees go out to buy their lunch outside of Macys and do not record their exit as required by the Defendant and the Defendant never reprimanded the younger employees.

30. The Defendant accused the Plaintiff of purchasing a purse on the Plaintiff's Macy's credit card while working; however, that transaction is not on the Plaintiff's credit card statement and never took place. None of the younger employees were questioned or investigated on purchasing items during work.

31. On or around July 23, 2020, the Plaintiff was placed on suspension by the Defendant through a manager, Nabila Benchaabane. Defendant has a customary practice of placing employees on warnings through letters prior to resorting to suspension of employees. The Defendant customarily suspends employees after the third warning letter. The Plaintiff, who was the oldest employee, never received a warning letter.

32. On or around August 8, 2020, the Plaintiff was informed by the Defendant through a Human Resources employee named Imelda Ponciano that the Plaintiff's suspension was definitive, and the Plaintiff was terminated by the Defendant. The Defendant fired the 63-year-old employee and the 22-year-old employee, Judith Matamoros, took over all the Plaintiff's duties.

33. The Defendant threatened the Plaintiff to keep the suspension strictly confidential and the Plaintiff was not to discuss or comment about the suspension with anyone.

34. The Defendant did not tell the Plaintiff the reason for her termination.

35. As a result of Defendant's discriminatory and retaliatory treatment of Plaintiff based on his age, Plaintiff has suffered damaged and was forced to retain undersigned counsel.

## COUNT I
## Age Discrimination in Violation of the ADEA

36. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-36 above as is set out in full herein.

37. Plaintiff is in the protected age category under the ADEA.

38. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

39. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of his age.

40. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

41. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

42. Defendant retained new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

43. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

44. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

45. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

46. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

47. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

48. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

49. Defendant is a covered employer to which the ADEA applies.

50. Defendant constructively discharged and disqualified Plaintiff from employment because of Plaintiff's age.

51. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## AGE DISCRIMINATION IN VIOLATION OF THE FCRA

52. Plaintiff re-alleges and re-affirms Paragraphs 1-36 as is it fully set forth herein.

53. Plaintiff is a member of a protected age category under the FCRA.

54. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

55. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of his age.

56. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

57. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

58. Defendant retained the new, younger employees, did so despite the knowledge of engaging in discriminatory actions.

59. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

60. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

61. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

62. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant.

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and pre-judgment interest at amounts to be provided at trial for the unlawful employment practices described herein.

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Respectfully submitted

GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088

By: _____
Elvis J. Adan, Esq.
Fla. Bar No.: 24223